UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and P.L.B., for herself,

    Plaintiffs,

vs.                                              CASE NO.: 5:13-cv-00178-RS-CJK

JACKSON COUNTY SCHOOL BOARD,

    Defendants.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, JACKSON COUNTY SCHOOL BOARD, by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

1.    Admitted.

2.    Admitted that A.L. ("Student") is expected to attend Marianna High School as a twelfth grader for the 2013-2014 school year and that PLB is the Mother of A.L.  Admitted that A.L. resides in Jackson County, Florida.

3.    Admitted.

4.    Admitted.

5.    Admitted that A.L. and P.L.B. filed a Motion to Dismiss P.L.B. as Named Respondent in DOAH Case No. 12-002562E and that such Motion was denied.  Denied that A.L. and P.L.B. filed a motion requesting that DOAH find the impartial due process hearing request insufficient.

6.    Admitted.

7. Admitted that this case purports to be an appeal of the Final Order entered February 13, 2013 in DOAH Case No. 12-2562E. Otherwise, denied.

8. Admitted for jurisdictional purposes only.

9. Admitted that venue is proper in the United States District Court for the Northern District of Florida, Panama City Division.

10. Admitted that PLB had been allowed to record some meetings and interactions with JCSB employees. Otherwise, denied.

11. Denied.

12. Without knowledge, and therefore denied.

13. Denied.

14. Admitted that JCSB was prepared to allow recording of an IEP meeting scheduled in November, 2010 but that PLB failed to attend. Otherwise, denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that JCSB has allowed recording of IEP meetings when required participants identified a limitation or disability that prevents meaningful participation in IEP meetings, when deemed necessary for the provision of FAPE, and when consented to by required

participants and involved parties.  Otherwise, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied that JCSB did not have authority to commence litigation.

29. Denied that JCSB did not have authority to commence litigation.

30. Denied that any delegation was required or occurred.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Without knowledge, therefore denied.

39. Denied.

40. Denied.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant re-asserts its responses to the foregoing paragraphs as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 63.

64. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 64.

65. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 65.

66. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 66.

67. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 67.

68. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 68.

69. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 69.

70. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 70.

71. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 71.

72. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 72.

73. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 73.

74. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 74.

75. Denied that Plaintiffs are entitled to any of the relief sought in paragraph 75.

Any allegation in the Amended Complaint that has not been expressly and specifically admitted by the School Board, is denied. The School Board further denies that Plaintiffs are entitled to any of the relief sought in the Plaintiff's Prayer for Relief.

By way of separate and distinct affirmative defenses to the entire Amended Complaint, the School Board states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the alleged violations of the IDEA occurred more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the claims. 20 USC 1415(b)(6)(B); Rule 6A-6.03311(9)(b), F.A.C.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they have not been administratively exhausted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs' claims are based on events that occurred beyond the time periods of the applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim for relief, in whole or in part, under the IDEA.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants Request for Due Process filed in DOAH Case No. 12-2562E complied with all applicable IDEA requirements.

**SIXTH AFFIRMATIVE DEFENSE**

Without admitting that Defendant violated any procedural provision of the IDEA, Plaintiffs cannot prevail on any procedural violation which did not (i) impede A.L.'s right to FAPE, (ii) significantly impede PLB or A.L.'s opportunity to participate in the decision-making process regarding provision of FAPE to A.L. or (iii) caused a deprivation of educational benefit. 34 CFR 300.513.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs, or either of them, took any actions or made any statements, reflecting an intent to relinquish or disclaim any right or entitlement under the IDEA, then Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has, at all times, complied with the procedural safeguards and other requirements of the IDEA.

### NINTH AFFIRMATIVE DEFENSE

All actions of Defendant were taken for legitimate, nondiscriminatory, and nonretaliatory reasons.

### TENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of Plaintiffs' action, inactions, or other behaviors of Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any injury attributable to any conduct of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs do not have a right to record meetings or other interactions with Defendant or its employees or agents.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have any limitation or disability which prevents them from meaningful participation in the process of identifying, evaluating, and programming for AL without access to a recording, and failed to identify any limitations or disabilities at the hearing in this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

It is not necessary for Plaintiffs to record classes, communications, or other interactions with JCSB employees or agents in order for A.L. to receive FAPE.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant and its employees and agents have the right to refuse to be recorded.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become apparent through discovery or investigation.

## CLAIM FOR ATTORNEYS' FEES

Defendant hereby requests it be awarded attorneys' fees pursuant to 20 USC 1415 and Rule 6A-6.03311, F.A.C.

Wherefore, Defendant requests the court deny Plaintiffs' requested relief and award attorneys' fees and costs to Defendant.

*/s/ Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:     (850) 222-0720
Facsimile:      (850) 558-0662

*Counsel for Defendant*


*/s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@bffloridalaw.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2013, I electronically filed the foregoing with the Court by using the CM/ECF system.  I further certify that I electronically served the foregoing document to Rosemary N. Palmer, Esquire, floridalawlady@gmail.com, 5260 Pimlico Drive, Tallahassee, Florida 32309; and to H. Matthew Fuqua, Esq., mfuqua@bffloridalaw.com, Bondurant & Fuqua, P.A., 4450 Lafayette Street, Marianna, Florida 32447.

        */s/ Bob L. Harris*
        **BOB L. HARRIS**