# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**A.L. by P.L.B and P.L.B., for herself,**

     **Plaintiffs,**

**v.**                              **CASE NO. 5:13-cv-178-RS-CJK**

**JACKSON COUNTY SCHOOL BOARD,**

     **Defendant.**
_____/

## SCHEDULING AND MEDIATION ORDER

     Before me is the Report of Parties' Planning Meeting (Doc. 20).  Upon consideration,

     **IT IS ORDERED**:

1.     Non-jury trial is set for **July 21, 2014**, beginning at 8:30 a.m., **in Panama City, Florida**.  A pretrial conference will be scheduled by separate order; however, counsels are advised that the pretrial conference usually will be scheduled for the Monday prior to trial.  All <u>trial</u> counsel are required to attend the pretrial conference in-person.  Continuance of the pretrial conference or waiver of the in-person appearance will be granted only for compelling reasons.

2.     The Report of Parties' Planning Meeting (Doc. 20) will control the matters set forth therein, except as otherwise provided in this Order.  The discovery deadline is **April 15, 2014**.  **Motions to compel**

**discovery must be filed no later than the discovery deadline**. Depositions to be used at trial must be completed not later than twenty days after the discovery deadline. Final Rule 26(e)(1) disclosures shall be served no later than twenty-one days before the discovery deadline. With respect to matters not addressed in the parties' joint report, the Initial Scheduling Order remains in effect.

3. The deadline for filing potentially dispositive motions is twenty (20) days after the discovery deadline. Extensions of this deadline will rarely be granted and <u>only</u> for compelling reasons. Responsive memoranda shall be filed not later than fourteen (14) days after filing of a dispositive motion. *The filing of potentially dispositive motions need not, however, await the deadline for such motions. Potentially dispositive motions should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

4. Fourteen (14) days after the discovery deadline, the parties must disclose the witnesses they intend to call via deposition, DVD, or any other manner allowing the witness to not be physically present in the courtroom, and the parties must specifically identify the testimony that will be presented.

Fourteen (14) days following, the parties must file objections to specific testimony with the court. Parties may file a copy of the

deposition highlighting the objectionable portions and state the reason or reasons for the objection.

5.      In circumstances when the Federal Rules of Civil Procedure would require leave of court for adding parties or amending pleadings, parties may be added or pleadings amended only with leave of court, even if leave is sought prior to the deadline established by the Report of Parties' Planning Meeting.

6.      The deadlines established by this Order for disclosures under Federal Rule of Civil Procedure 26(a)(2) abrogate the deadlines set forth in Rule 26(a)(2)(D) and thus apply regardless of whether proposed testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C).  Leave of court must be sought, for good cause, prior to addition of testimony for which timely disclosures were not made, even if the testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C).

7.      The deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3) is thirty (30) days before trial.  The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is five (5) days thereafter.

8.     Any motion in limine or other pretrial motion shall be filed no later than fifteen days prior to the pretrial conference.  Responses to those motions shall be filed no later than five days thereafter.

(a)    Motions in limine should be limited to situations where resolution of the matter must be accomplished before trial, such as a *Daubert* motion or where resolution is likely to require substantial time and will interrupt the course of the trial. Routine evidentiary matters will ordinarily be resolved during trial. Fees and expenses will not be recovered for time spent in the preparation of frivolous or unnecessary motions in limine.

9.     The parties shall mediate this case in accordance with the following procedures:

(a)    The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties.  If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

(b)    Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties.  The fee shall be paid in the manner required by the mediator.

(c)     The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

(d)     The following persons MUST attend the mediation conference:

(1)     Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(2)     All parties.  In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation."  Unless the mediator directs otherwise, the parties by agreement may also waive the requirement that the attending representative's full authority to settle be "without further consultation."

(3)     If a party is insured, a representative of the insurer having full authority to settle without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation."  Unless the mediator directs otherwise, the

parties by agreement may also waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e)    Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

(f)    The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(g)    The mediator shall have authority to control the procedure to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h)    All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations.  Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device,

except as necessary to memorialize any settlement that may be reached.

(i)     This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j)     The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(k)     Mediation in this case must be completed on or before a date twenty-eight (28) days after the discovery deadline.  The mediator or parties shall file a report within five (5) days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

(l)     Counsel for each party shall, within ten (10) days of the date of this Order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this Order.  On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this Order.  With or without such

an order, the parties by agreement may commence mediation at any time before the deadlines set in this Order.

**ORDERED** on October 30, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**