UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and P.L.B., for herself,

      Plaintiffs,

vs.                                    CASE NO.: 5:13-cv-00178-RS-CJK

JACKSON COUNTY SCHOOL BOARD,

      Defendants.

_____/

## MOTION TO EXCLUDE ADDITIONAL EVIDENCE

Defendant, JACKSON COUNTY SCHOOL BOARD (herein "School Board"), by and through the undersigned counsel, hereby moves to exclude the entry of additional evidence in this proceeding, and states the following grounds:

1.     In this matter, Plaintiffs seek review of the Final Order entered in Florida Division of Administrative Hearing Case No. 12-2562E. The proceedings of which Plaintiffs seek review were brought pursuant to the Individuals with Disabilities Education Act, as codified at 20 USC § 1400, et. seq. (the "IDEA").

2.     Pursuant to the provisions of the IDEA and interpreting case law, Plaintiffs should be foreclosed from supplementing the administrative record or otherwise introducing new evidence in this review proceeding, as explained more fully below.

## MEMORANDUM OF LAW

The IDEA contains an extensive framework under which certain parties can "present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to [a] child." 20 U.S.C. § 1415(b)(6). As part of this framework, such parties first have the opportunity for "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). "[T]he philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *M.T.V. v. Dekalb Cnty Sch. Dist.*, 446 F.3d 1153, 1157-1159 (11th Cir. 2006) (quoting *N.B. v. Alachua Cnty Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996)).

The IDEA requires that a party must first exhaust its administrative remedies by filing and completing such administrative proceeding prior to bringing an action in any state court of competent jurisdiction or district court of the United States. *See* 20 U.S.C. § 1415(b)(6), (f), (i)(2)(A); *J.P. v. Cherokee Cnty Bd. of Ed.*, 218 Fed. Appx. 911, 913 (11th Cir. 2007). Only after a decision is made in such administrative proceeding is an aggrieved party entitled to "bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

In such civil action, the court:

> **(i)** shall receive the records of the administrative proceedings;
> **(ii)** shall hear additional evidence at the request of a party; and
> **(iii)** basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

2

20 U.S.C. § 1415(i)(2)(C). Although this IDEA provision states that the district courts "shall" hear additional evidence, the Eleventh Circuit "has not previously read that as a mandate to take additional evidence any time a party so requests." *K.A. v. Fulton Cnty. Sch. Dist.*, 2013 WL 6698072, at *9 (11th Cir. Dec. 20, 2013) (quoting *G.J. v. Muscogee Cnty. Sch. Dist.*, 668 F.3d 1258, 1268 (11th Cir. 2012)). Rather, the Eleventh Circuit has deemed the admission of additional evidence "discretionary" and has cautioned that "[w]hile the IDEA instructs that a district court shall hear additional evidence at the request of a party, the determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *A.K. v. Gwinnett Cnty. Sch. Dist.*, 2014 WL 563281, at *3 (11th Cir. Feb. 14, 2014)(internal citations omitted)(quoting *Walker Cnty. Sch. Dist. v. Bennett ex. rel. Bennett*, 203 F. 3d 1293, 1298 (11th Cir. 2000)); *see G.J. v. Muscogee Cnty. Sch. Dist.*,668 F.3d 1258, 1268 (11th Cir. 2012).

This matter presents to this Court with a complete and well-developed administrative record.  Plaintiff offered to call more than 30 witnesses and cross examined the witnesses offered by the Defendants. Plaintiffs presented more than 45 exhibits and all exhibits were exchanged. The issues were fully presented in testimony and cross examination during the administrative hearing. At the conclusion of the hearing, each side was required to submit proposed final orders for consideration by the administrative law judge. Even after submitting two separate requests for extensions of time to submit a proposed final order, Plaintiffs never submitted a proposed final order to the administrative law judge. The final order is a well-written analysis of the issues presented at the hearing.  Any suggestion by Plaintiffs that the administrative record is not complete or does not sufficiently enable this Court to adequately determine the issues at hand is

without merit. Moreover, given the sufficient administrative record, any additional evidence would likely be cumulative or irrelevant.

WHEREFORE, the School Board respectfully requests the entry of an Order excluding the entry of additional evidence in this proceeding.

## CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

Counsel for Defendant certify that prior to filing this Motion, they, in good faith, conferred or attempted to confer with counsel for Plaintiffs. Plaintiffs expressed their opposition to the Motion.

Respectfully submitted this 28th day of February, 2014.

_____/s/  Bob L. Harris_____
**BOB L. HARRIS, ESQ.**
FL Bar No: 460109
**S. DENAY BROWN, ESQ.**
FL Bar No: 88571
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Phone: 850-222-0720
Facsimile: 850-558-0662

COUNSEL FOR JACKSON COUNTY
SCHOOL BOARD

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all

participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____/s/  Bob L. Harris_____

**BOB L. HARRIS, ESQ.**
FL Bar No: 460109
**S. DENAY BROWN, ESQ.**
FL Bar No: 88571
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Phone: 850-222-0720
Facsimile: 850-558-0662

COUNSEL FOR JACKSON COUNTY
SCHOOL BOARD