UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and P.L.B., for herself,

    Plaintiffs,

vs.                                              CASE NO.: 5:13-cv-00178-RS-CJK

JACKSON COUNTY SCHOOL BOARD,

    Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE IN THE NAME OF THE REAL PARTY IN INTEREST OR, IN THE ALTERNATIVE, TO SUBSTITUTE PARTY PLAINTIFF**

Defendant, JACKSON COUNTY SCHOOL BOARD (herein "School Board"), by and through the undersigned counsel, hereby moves to dismiss all claims brought by P.L.B. on behalf of A.L. for failure to prosecute in the name of the real party in interest or, in the alternative, to substitute A.L. for P.L.B. as the proper party Plaintiff for such claims, and states the following grounds:

1. In this matter, Plaintiff P.L.B., both for herself and on behalf of A.L., seeks review of the Final Order entered in Florida Division of Administrative Hearing Case No. 12-2562E. The proceedings of which P.L.B. seeks review were brought pursuant to the Individuals with Disabilities Education Act, as codified at 20 USC § 1400, et. seq. (the "IDEA").

2. At the time that P.L.B. filed the original Complaint (doc. 1) in this matter on May 12, 2013, A.L. had not yet reached the age of majority. Pursuant to the Federal Rules of Civil Procedure and the provisions of the IDEA, these proceedings were, accordingly, filed by P.L.B.

in a representative capacity on behalf of A.L. Since that time, on November 15, 2013, A.L. reached the age of majority.

      3.    Pursuant to the applicable provisions of the Federal Rules of Civil Procedures and the IDEA, as discussed in full below, as of November 15, 2013 A.L. was no longer a "minor" and all rights afforded under the IDEA transferred to A.L. from P.L.B. Accordingly, A.L. is now the real party in interest in this action and he must prosecute any claims on his own behalf.

## MEMORANDUM OF LAW

Pursuant to the IDEA,

> A State that receives amounts from a grant under this subchapter may provide that, when a child with a disability reaches the age of majority under State law (except for a child with a disability who has been determined to be incompetent under State law)--
> …
> **(B)** all other rights accorded to parents under this subchapter transfer to the child; …

20 U.S.C. § 1415(m)(1). In compliance with this provision, the *Florida Administrative Code* provides that:

> When a student with a disability reaches the age of eighteen (18), (except for a student with a disability who has been determined incompetent under State law or who has had a guardian advocate appointed to make educational decisions as provided by Section 393.12, F.S.), the right to notice under this rule is retained as a shared right of the parent and the student.
>
> (b) All other rights afforded to parents under Rules 6A-6.03011 through 6A-6.0361, F.A.C., transfer to the student.

Fla. Admin. Code R. 6A-6.03311(8)(a). The plain language of this provision makes clear that, absent a determination of incompetency or formal appointment of a guardian advocate to make educational decisions, all parental rights under the IDEA transfer to the student upon such

2

student reaching the age of 18. *Id*. These rights include the initiation of due process proceedings, as well as the right to bring a civil action in federal district court with regard to the outcome of such proceeding. Fla. Admin. Code R. 6A-6.03311(9)(a), (w); 20 U.S.C. § 1415(b)(6), (f)(1)(A), (i)(2)(A).

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." In addition, rule 17(a)(1) of the Federal Rules of Civil Procedure, provides that "an action must be prosecuted in the name of the real party in interest." Among the few exceptions to this general rule are actions where a minor or incompetent person is the party in interest. In such situations, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). Where, however, a minor reaches the age of majority during the pendency of a proceeding, rule 17(c) is no longer applicable and the action must be prosecuted in the name of the real party in interest. *See T.P.R. v. Montgomery Pub. Schs.*, No. 2:08cv813-WKW, 2010 WL 2489180, at *1 (M.D. Ala. May 26, 2010), *adopted at T.P.R. v. Montgomery Pub. Schs.*, No. 2:08cv813-WKW, 2010 WL 2489054, at *1 (M.D. Ala. June 17, 2010).

P.L.B. was initially permitted to bring this case on behalf of A.L. pursuant to the foregoing provisions. *See* Fed. R. Civ. P. 17(c); Fla. Admin. Code R. 6A-6.03311(9)(a), (w); 20 U.S.C. § 1415(b)(6), (f)(1)(A), (i)(2)(A). As set forth above, however, A.L. reached the age of majority during the pendency of this proceeding. As of that date, A.L. was no longer a minor and accordingly became the actual holder of all rights afforded under the IDEA. All claims made by or for A.L. must, accordingly, be prosecuted by A.L. himself as the real party in interest and

P.L.B. may no longer proceed on his behalf. As a result, all claims brought by P.L.B. on behalf of A.L. must be dismissed for failure to prosecute in the name of the real party in interest or, alternatively, A.L. must be substituted for P.L.B. as Plaintiff for such claims.

WHEREFORE, the School Board respectfully requests (i) that all claims brought by P.L.B. on behalf of A.L. be dismissed or that an Order substituting A.L. for P.L.B be entered for all such claims, (ii) that, pursuant to rule 25, Federal Rules of Civil Procedure, this Court set this matter for hearing, and (iii) such other relief as this Court deems just.

### CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

Counsel for Defendant certifies that prior to filing this Motion, they, in good faith, conferred with counsel for Plaintiff. Counsel for Plaintiff expressed their opposition to the Motion to the extent it seeks to eliminate any claims P.L.B. has brought on her own behalf.

Respectfully submitted this 28th day of April, 2014.

    /s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:   (850) 222-0720
Facsimile:   (850) 558-0662
*Counsel for Jackson County School Board*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 28, 2014, I electronically filed the foregoing Motion with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                               */s/ Bob L. Harris*
                                               **BOB L. HARRIS**