UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and P.L.B., for herself,

    Plaintiffs,

vs.                                         CASE NO.: 5:13-cv-00178-RS-CJK

JACKSON COUNTY SCHOOL BOARD,

    Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LATE FILING OF RESPONSE TO DEFENDANT'S MOTION TO SUBSTITUTE PARTIES

Defendant, JACKSON COUNTY SCHOOL BOARD, by and through the undersigned counsel, hereby files this response to Plaintiffs' Motion for Late Filing of Response to Defendant's Motion to Substitute Parties (doc. 52), pursuant to Local Rule 7.1, and states as follows:

1. Defendant files this response solely to explain in full the basis behind its objection to the relief sought by Plaintiffs in their latest Motion for Late Filing.

2. Defendant filed its Motion to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest or, in the Alternative, to Substitute Party Plaintiff ("Motion to Substitute"), on April 28, 2014. (Doc. 46.)

3. Mediation in this matter is currently scheduled for June 4, 2014. Defendants filed their Motion to Substitute at the foregoing time to enable this Court to make a ruling on the matter well prior to mediation. Notably, in their Motion for Late Filing, Plaintiffs request an

extension of time to June 3, 2014. Plaintiffs' request eliminates any possibility that this issue will be determined in advance of mediation, and especially not with enough time to notify A.L. of the mediation and ensure his ability to attend at the scheduled time and date, which actions will be necessary in the event the Motion to Substitute is granted. In addition, Defendant has a reasonable belief that the resolution of this matter at mediation is highly contingent upon the presence of A.L. as a party in interest, and therefore this Court's ruling on the Motion to Substitute. The parties cannot reschedule the mediation for a later date without violating the deadlines set forth in this Court's Scheduling and Mediation Order (doc. 21) and subsequent Order extending the discovery deadline (doc. 45). As a result, Defendant will be highly prejudiced in the event the relief sought by Plaintiffs is granted.

4. Moreover, the justifications for Plaintiffs' request, as contained in the Motion for Late Filing, are without merit. Counsel for Plaintiffs has full knowledge that the Motion was served on both P.L.B. and A.L. as documents evidencing such service were provided to Plaintiff's Counsel and filed in this matter. In compliance with Rule 25 of the Federal Rules of Civil Procedure, the Motion was served on P.L.B., a party, by serving her attorney[1] via CM/ECF on April 28, 2014, as evidenced by the certificate of service and CM/ECF filing of such Motion, and on A.L., a nonparty, by process server on April 30, 2014, as evidenced by the Return of Service previously filed by Defendant. (Doc. 47.) Likewise, Plaintiffs' Counsel's complaints of being a "sole practitioner with mostly indigent clients who has no resources to pay for someone to help her do what she cannot do for herself," must fall on deaf ears. *McLaughlin v. City of LaGrange*, 662 F. 2d 1385, 1387 (11th Cir. 1981) (Being a sole practitioner with a busy practice

---

[1] Notably, the same attorney now stating that she does not know if the Motion to Substitute was served on her client.

2

does not establish excusable neglect.) As a result, Plaintiffs' have failed to show both good cause and excusable neglect, as required. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time …on motion made after the time has expired if the party failed to act because of excusable neglect.") While Defendant is sympathetic to Plaintiffs' and Plaintiffs' Counsels apparent ailments and hardships, Plaintiffs have failed to identify any authority under which their ailments or hardships would allow them to completely and entirely disregard the deadlines established by this Court and the Federal and Local Rules of Civil Procedure, especially when doing so is highly prejudicial to Defendant.

WHEREFORE, Defendant requests an Order denying Plaintiffs' Motion for Late Filing of Response to Defendant's Motion to Substitute Parties (Doc. 52) and awarding such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 15th day of May, 2014.

/s/ *Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:   (850) 222-0720
Facsimile:    (850) 558-0662

3

                                                                               */s/ H. Matthew Fuqua*  
                                                    **H. MATTHEW FUQUA**  
                                                    Florida Bar No. 0451101  
                                                   mfuqua@embarqmail.com  
                                                   BONDURANT & FUQUA, P.A.  
                                                   4450 Lafayette Street (32446)  
                                                   Post Office Box 1508  
                                                   Marianna, Florida 32447  
                                                   Telephone: 850-526-2263  
                                                   Facsimile: 850-526-5947  
                                                   *Counsel for Jackson County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15th, 2014, I electronically filed the foregoing Motion with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                    */s/ Bob L. Harris*  
                                                                    **BOB L. HARRIS**