UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and P.L.B., for herself,

    Plaintiffs,

vs.                                                   CASE NO.: 5:13-cv-00178-RS-CJK

JACKSON COUNTY SCHOOL BOARD,

    Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION (DOC. 68)

Defendant, JACKSON COUNTY SCHOOL BOARD, by and through the undersigned counsel, hereby files this response to Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Record and Reset the Date of the Trial to Combine it With the Trial Set for NDFL Case No. 13-CV-85-RS (doc. 68), pursuant to Local Rule 7.1, and states as follows:

    1.    The discovery deadline in this matter occurred on May 7, 2014. (Doc. 45.) As a result, dispositive motions were due to be filed on May 27, 2014. (Doc. 21.)

    2.    On May 27, 2014, Defendant filed its Motion for Judgment on the Record, a dispositive motion. (Doc. 64.) Plaintiffs' response thereto was due on or before June 10, 2014. (Doc. 21.)

    3.    Plaintiffs failed to meet the June 10, 2014 deadline and instead filed the instant Motion six days later. (Doc. 68.)

4. Defendant respectfully requests that this Court deny Plaintiffs' Motion for Extension as Plaintiffs have failed to show good cause and excusable neglect, as required. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time …on motion made after the time has expired if the party failed to act because of excusable neglect.") Plaintiffs fail to cite any specific reason for their failure to timely respond to Defendant's Motion for Judgment on the Record. Rather, Plaintiffs state generally that P.L.B., A.L., and Plaintiffs' counsel are all disabled and have, accordingly, been "unable to work." Plaintiffs' generalized and vague justification is insufficient to show the good cause and excusable neglect required by Rule 6(b). In addition, in light of the 6 days which have already passed from the deadline for their response, Plaintiffs' request for an entire week extension is excessive. If granted, Plaintiffs would have had nearly an entire month to analyze and respond to Defendant's timely filed Motion for Judgment on the Record. Plaintiffs' Motion for Extension should therefore be denied.

5. Defendant also opposes Plaintiffs' request to reschedule the trial in this matter to commence on the same date as trial in Northern District of Florida case No. 5:13-CV-85 and to consolidate the matters. Although they share the same Plaintiffs and Defendant, this matter and case No. 5:13-CV-85 are vastly different and should remain separate. First and foremost, this proceeding and case No. 5:13-CV-85 do not cover the same time period. Case No. 5:13-CV-85 covers the time period of November 28, 2008 to November 28, 2010 and this proceeding covers the time period of July 27, 2010 to July 27, 2012. Allowing the consolidation of these matters would enable Plaintiffs to expand the scope of both matters by an almost full two years. In addition, the subject matter for the two cases is vastly different. This proceeding deals solely

with recording under the IDEA, whereas case No. 5:13-CV-85 deals with a much larger variety of alleged IDEA, 504, and ADA deficiencies. The witnesses necessary for each matter are, likewise, vastly different. The majority of the witnesses called during the administrative proceeding in this matter were not utilized during the administrative proceeding for case No. 5:13-CV-85. Moreover, as Plaintiffs concede, in the event it is not disposed of summarily, case No. 5:13-CV-85 will have issues to be tried before a jury. Allowing the consolidation of this matter and case No. 5:13-CV-85 would allow Plaintiffs to present to the jury evidence and testimony from outside of the relevant time period of case No. 5:13-CV-85 and would also enable them to potentially influence the jury by offering evidence of alleged incidents of discrimination and retaliation which would otherwise be extraneous to case No. 5:13-CV-85. Overall, Defendant can only believe that Plaintiffs' request for such consolidation is solely an attempt by Plaintiffs to prejudice Defendant, both by offering extraneous alleged acts of wrongdoing to the jury and by buying time to compensate for their previous (and continuing) failures to comply with deadlines and orders of this Court.

6. Plaintiffs request is also frivolous in light of their concession that this matter should be disposed of summarily. (Doc. 68, p.2)("Plaintiffs concede that it is quite likely the court will be able to determine this case on the existing record…")

7. Lastly, Defendant notes that in their Motion, Plaintiffs indicate that they intend to file a dispositive motion of their own in this matter. (Doc. 68, p.2)("Plaintiffs concede that it is quite likely the court will be able to determine this case on the existing record, especially if Plaintiffs ever get time to prepare and file their own dispositive motion.") Dispositive motions were due to be filed in this matter over 20 days ago on May 27, 2014. Plaintiffs have clearly

missed the dispositive motion deadline and their suggestion of filing a dispositive motion at some time in the future is thus nonsensical. Trial in this matter is scheduled to start a mere 34 days from today. Had Plaintiffs intended to file a dispositive motion, they should have done so timely, as the Defendant did.

WHEREFORE, Defendant requests an Order denying Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Record and Reset the Date of the Trial to Combine it With the Trial Set for NDFL Case No. 13-CV-85-RS (doc. 68) and awarding such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 18th day of June, 2014.

 */s/ Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:  (850) 222-0720
Facsimile:  (850) 558-0662


 */s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447

Telephone: 850-526-2263
Facsimile:  850-526-5947
*Counsel for Jackson County School Board*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18th, 2014, I electronically filed the foregoing Motion with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

 */s/ Bob L. Harris*
**BOB L. HARRIS**