**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**A.L. by P.L.B and P.L.B., for herself,**

     **Plaintiffs,**

**v.**                              **CASE NO. 5:13-cv-178-RS-CJK**

**JACKSON COUNTY SCHOOL BOARD,**

     **Defendant.**

_____/

**ORDER**

Before me are Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Record, and Reset the Date of the Trial to Combine it with the Trial Set for NDFL Case No 13-cv-85-RS (Doc. 68), and Defendant's Response to Plaintiffs' Motion for Extension (Doc. 70).

 According to the Scheduling and Mediation Order and subsequent Order granting Plaintiff's motion to extend the discovery deadline, a non-jury trial is scheduled for July 21, 2014, and any dispositive motions were to be filed not later than May 27, 2014.  Doc. 21.  On May 27, 2014, Defendant filed its motion for summary judgment. Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff had fourteen (14) days to respond.  Further, "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." *Id.*  Plaintiffs' response was due on June 16, 2014.

Instead of filing a response, Plaintiff filed an opposed motion requesting "an extension of time from today to June 23, 2014[,] to respond to Defendant's Motion for Judgment on the Record . . . as a reasonable accommodation of Plaintiff PLB's and Plaintiffs' counsel [sic] disabilities." Plaintiffs also suggested an intention to file their own motion for summary judgment "if Plaintiffs ever get time to prepare and file their own dispositive motion."  Doc. 68.

On three previous occasions Plaintiff has requested an opposed extension of time to respond, citing Plaintiff PLB's disability, counsel's disability, or both as the reason for failing to file a timely response. Docs. 33, 37, 52. Compliance with the Scheduling and Mediation Order is not merely aspirational.  *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). Plaintiffs are well aware of their own disabilities and that of their counsel.  As such, Plaintiffs have the ability to foresee the need of an extension and timely request such.

All dispositive motions were to be filed not later than May 27, 2014, and Defendants have relied upon this deadline. "To establish good cause sufficient to justify modification of a scheduling order, the movant must demonstrate that the scheduling order deadline could not have been met 'despite the diligence of the party seeking the extension.'"  *Vazquez v. LCM Inv. Grp., Inc.*, 6:05CV59-ORL-

28DAB, 2006 WL 4835922 (M.D. Fla. Aug. 24, 2006)).  Plaintiffs have not made such a showing. Plaintiffs' apparent request to file their own dispositive motion is denied. Nevertheless, Plaintiffs may file a response to Defendant's motion for summary judgment not later than June 21, 2014.

Additionally, Plaintiffs request that this case be consolidated with case 5:13-cv-85-RS and that the trial is rescheduled to October 2014. Pursuant to Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate cases if they involve common question of law or fact. That is not the case here and consolidation would be improper. Therefore, Plaintiffs' request is denied.

Accordingly, the relief requested in Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Record, and Resent the Date of the Trial to Combine it with the Trial Set for NDFL Case No 13-cv-85-RS (Doc. 68) is **GRANTED in part**. Plaintiffs' apparent request to file their own dispositive motion and request to consolidate this case with case 5:13-cv-85-RS is **DENIED**. Plaintiffs may file a response to Defendant's motion for summary judgment not later than June 21, 2014.

**ORDERED** on June 20, 2014.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**